1  BENJAMIN K. LUNCH, Bar No. 246015
2  TANISHA M. SHAFER (ARATA), Bar No. 280588
   NEYHART, ANDERSON, FLYNN & GROSBOLL
3  369 Pine Street, Suite 800
   San Francisco, CA  94104
4  Tel: (415) 677-9440
   Fax: (415) 677-9445
5  Email: blunch@neyhartlaw.com
          tarata@neyhartlaw.com
6

7                    UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 | NORTHERN CALIFORNIA ELECTRICAL       | Case No.
11 | WORKERS PENSION TRUST; SAN
   | FRANCISCO ELECTRICAL INDUSTRY
12 | APPRENTICESHIP AND TRAINING          | **COMPLAINT**
   | TRUST; SAN FRANCISCO ELECTRICAL
13 | WORKERS HEALTH AND WELFARE
   | TRUST; SAN FRANCISCO ELECTRICAL
14 | CONTRACTORS ASSOCIATION, INC.;
   | NATIONAL ELECTRIC BENEFIT FUND;
15 | NATIONAL ELECTRICAL INDUSTRY
   | FUND; ELECTRICAL INDUSTRY
16 | SERVICE BUREAU, INC.;
   | INTERNATIONAL BROTHERHOOD OF
17 | ELECTRICAL WORKERS LOCAL 6; and
   | JOHN DOHERTY as Trustee for each Plaintiff
18 | Trust Fund except for Plaintiffs NATIONAL
   | ELECTRIC BENEFIT FUND and
19 | NATIONAL ELECTRICAL INDUSTRY
   | FUND, and as agent for NATIONAL
20 | ELECTRIC BENEFIT FUND and
   | NATIONAL ELECTRICAL INDUSTRY
21 | FUND,

22                   Plaintiffs,
           v.
23
   THREE BROTHERS ELECTRICAL
24 CONTRACTORS and ALEX JONES,

25                  Defendants.
   ------------------------------------------------------------
26

27

28

NEYHART,
ANDERSON, FLYNN &
GROSBOLL
ATTORNEYS AT LAW

**COMPLAINT**
Case No.

Plaintiffs allege:

I.

JURISDICTION AND PARTIES

1.    Jurisdiction.  This is an action to collect unpaid contributions to multi-employer benefit plans pursuant to a Collective Bargaining Agreement ("CBA").  It is also an action to enforce the terms of multi-employer benefit Trust Agreements, specifically the terms requiring an employer to make contributions to the Plaintiffs.  Jurisdiction is pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), 29 U.S.C. § 1145 and the Labor Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185(c).

2.    Venue.  Venue is appropriate in this District as the Plaintiff Plans are administered in this District (San Francisco), and the breach took place in this District.  29 U.S.C. § 1132(e)(2); 29 U.S.C. § 185(a).

3.    Parties.  Plaintiff INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 6, hereafter referred to as the "Union" or "Local 6," is a labor union and the collective bargaining agent for electricians and apprentice electricians employed by employers that are bound to Collective Bargaining Agreements.  Plaintiffs NORTHERN CALIFORNIA ELECTRICAL WORKERS PENSION TRUST ("Pension Trust"), SAN FRANCISCO ELECTRICAL INDUSTRY APPRENTICESHIP AND TRAINING TRUST ("Apprenticeship Trust"), SAN FRANCISCO ELECTRICAL WORKERS HEALTH AND WELFARE TRUST ("Health and Welfare Trust"), NATIONAL ELECTRIC BENEFIT FUND ("NEBF"), and NATIONAL ELECTRICAL INDUSTRY FUND ("NEIF") will be collectively referred to as "the Trust Funds" or "Plaintiffs".  Plaintiff SAN FRANCISCO ELECTRICAL CONTRACTORS ASSOCIATION, INC. ("SFECA") is an employer association.

4.    ELECTRICAL INDUSTRY SERVICE BUREAU, INC. ("EISB" or "EISB, Inc.") is now, and was at all times relevant to this action, a Labor Management Cooperation Committee

established under the Labor Management Cooperation Act of 1978 and a non-profit California corporation doing business in the City and County of San Francisco, State of California. Plaintiff EISB is the administrator and collection agent for the Trust Funds and related entities. Each of the Trust Funds is a multi-employer employee benefit plan created pursuant to the LMRA, 29 U.S.C. § 141 et seq and is jointly trusteed (management and union) employee benefit trust funds governed by ERISA, 29 U.S.C. § 1001 et seq. Employers make contributions to the Trust Funds pursuant to the requirements of their collective bargaining agreement with Local 6, and other relevant agreements (collectively referred to as "Agreement"). Local 6 is a separate legal entity from the Trust Funds.

5.      Plaintiff JOHN DOHERTY is a trustee and fiduciary of each trust, except NEBF and NEIF; Mr. Doherty is an agent for those funds. Mr. Doherty is also the Business Manager of Local 6. As such, Mr. Doherty is a fiduciary of the Trust Funds within the meaning of ERISA. As a Trustee, Mr. Doherty has the duty, jointly exercised with the other Trustees of those funds, to administer the Trust Funds for the exclusive benefit of the covered employees in accordance with the applicable law, the CBA, and the terms of each of the Trust Funds' written Trust Agreements. That fiduciary duty includes the collection of unpaid employer contributions and related losses.

6.      Defendant THREE BROTHERS ELECTRICAL CONTRACTORS ("THREE BROTHERS" or "TBE") is a sole proprietorship doing business with State Contractor's License No. 885548. Defendant ALEX B. JONES is THREE BROTHERS' sole owner.

7.      Defendant TBE is engaged in electrical work in San Francisco County, California, and as such has been an "employer" "engaged in commerce or in any industry or activity affecting commerce" within the meaning of 29 U.S.C. §§ 1002-1003.

//

//

//

NEYHART,
ANDERSON, FLYNN &
GROSBOLL
ATTORNEYS AT LAW

COMPLAINT
Case No.

2

## II.
## FACTS

8.     Defendant TBE is signatory to the CBA between Local 6 and the San Francisco Electrical Contractors Association, Inc., and bound to the Trust Agreements establishing each of the Trust Funds.

9.     An employer who agrees to be bound to the CBA also agrees to be bound to the applicable Trust Agreements.

10.     The terms of the CBA require Defendant TBE to make timely monthly contributions to the Trust Funds for fringe benefits for covered employees.

11.     Under both the CBA and applicable Trust Agreements, an employer who fails to make timely contributions to the Trust Funds is liable to the Trust Funds for all unpaid contributions, liquidated damages, interest on the delinquent amount accrued, reasonable attorneys' fees and collection costs. *See* 29 U.S.C. § 1132(g)(2).

12.     Defendant TBE failed to make required contributions to the Trust Funds during the relevant period of statute of limitations pursuant to the appropriate CBA and/or Trust Agreements, and therefore owes the Trust Funds fringe benefit contributions. *See* 29 U.S.C. § 1145.  As of the date of this filing, TBE has not submitted the September 2019 transmittal report, and therefore owes the Trust Funds fringe benefit contributions for any work it performed in September 2019.  In addition, any contributions discovered underreported or not reported pursuant to a future audit, or other review of records, will be owed to the Trust Funds.

13.     Defendant TBE also owes the Trust Funds liquidated damages for the untimely paid and unpaid contributions for the October 2018 through August 2019 work months, for the September 2019 work month (for any amounts discovered owed), and for any additional work months for which TBE has been late with its contributions.

//

Neyhart,
Anderson, Flynn &
Grosboll
Attorneys at Law

**COMPLAINT**
Case No.

3

### III.
### FIRST CLAIM
(ERISA - 29 U.S.C. § 1145) against Defendant TBE

14.     Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

15.     <u>Jurisdiction</u>.  This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the CBA and Trust Agreements.  Jurisdiction is pursuant to ERISA, 29 U.S.C. § 1132(e) and § 1145.

16.     Defendant TBE's action constitutes a failure of an employer to make timely contributions to a multi-employer plan pursuant to 29 U.S.C. § 1145.

17.     Plaintiffs are entitled to all unpaid contributions, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2), the CBA and applicable Trust Agreements.

### IV.
### SECOND CLAIM
(LMRA - 29 U.S.C. § 185) against Defendant TBE

18.     Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

19.     <u>Jurisdiction</u>.  This is an action to enforce a CBA pursuant to 29 U.S.C. § 185.

20.     Defendant TBE's failure to pay contributions and liquidated damages owing breached the CBA to Plaintiffs' detriment.  Plaintiffs are entitled to all unpaid contributions, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to the CBA and applicable Trust Agreements.

21.     The Trust Funds are entitled to pursue this claim as third party beneficiaries to the Trust Agreements.  *See Schneider Moving & Storage Co. v. Robbins, et al.* (1984) 466 U.S. 364 and *Local 342 Apprenticeship & Training Trust v. Babcock & Wilcox* (9th Cir. 2005) 396 F.3d 1056.

NEYHART,
ANDERSON, FLYNN &
GROSBOLL
ATTORNEYS AT LAW

**COMPLAINT**
Case No.

4

V.

THIRD CLAIM

Request for Injunctive Relief (Audit Order)

22.     Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

23.     Pursuant to the CBAs and applicable Trust agreements, Plaintiffs are authorized to conduct an audit of the payroll books and records of employers.  *See Cent. States, Se. and Sw. Areas Pension Fund, et al. v. Cent. Transp., Inc.* (1985) 472 U.S. 559.

24.     Defendants have refused to cooperate with the Trust Funds' auditors for the purpose of conducting an audit.  Defendants have failed to provide responsive records and information regarding requested records after Plaintiffs' auditors made multiple requests to access the records and information regarding the records.

25.     Plaintiffs are entitled to an order compelling Defendants to cooperate with the Trust Funds' auditor and provide the pertinent documents and information.  Plaintiffs are also entitled to an order requiring payment of all unpaid contributions, liquidated damages, and prejudgment interest disclosed from the audit.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, joint and severally, as follows:

1.     For unpaid fringe benefit contributions in an amount according to proof;

2.     For liquidated damages according to proof;

3.     An order requiring production of transmittals that were not submitted;

4.     An order requiring Defendants to cooperate with the Trust Funds' auditor and provide pertinent documents and information;

5.     For prejudgment interest according to proof;

6.     For reasonable attorneys' fees, costs of suit and further amounts according to proof;

NEYHART,
ANDERSON, FLYNN &
GROSBOLL
ATTORNEYS AT LAW

**COMPLAINT**
Case No.

5

7.    For such equitable relief as this court deems just and proper; and

8.    For such other and further relief as this court deems just and proper.


Dated: October 16, 2019                    Respectfully submitted,


                                           /s/ Tanisha M. Shafer (Arata)
                                           Benjamin K. Lunch
                                           Tanisha M. Shafer (Arata)
                                           NEYHART, ANDERSON, FLYNN &
                                           GROSBOLL
                                           Attorneys for Plaintiffs

NEYHART,
ANDERSON, FLYNN &
GROSBOLL
ATTORNEYS AT LAW

**COMPLAINT**
Case No.                                                                           6