UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA ELECTRICAL WORKERS PENSION TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THREE BROTHERS ELECTRICAL CONTRACTORS, et al.,<br><br>Defendants. | Case No. 19-cv-06650-JSW   (RMI)<br><br>**ORDER RE: DEFENDANT'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 48 |

Now pending before the court is Defendant's non-compliant motion to compel certain discovery from Plaintiffs. *See* Def.'s Mot (dkt. 48). On June 15, 2021, Judge White referred all discovery disputes to the undersigned and specifically instructed the Parties to present any such disputes by way of a jointly-filed letter brief. *See Order of June 15, 2021* (dkt. 44) at 2. Defendant's Motion to Compel (dkt. 48) is, therefore, deficient in a number of ways.

First, Local Civ. R. 37-1(a) provides that "[t]he Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel [or the parties] have previously conferred for the purpose of attempting to resolve all disputed issues." Defendant's Motion does not indicate that any such effort to meet and confer in a good faith effort to narrow or resolve any disputes issues has taken place. Second, whereas the Order of June 15, 2021 specifically informed the Parties that any discovery disputes must be presented in the form of a jointly-filed letter brief, Defendant has nonetheless submitted a unilaterally-filed and noticed motion rather than a jointly-filed letter brief that should have been preceded by good faith meet and confer efforts. For these reasons, Defendant's Motion (dkt. 48) is **DENIED** without

1  prejudice.

2  The Parties are **ORDERED** to promptly meet and confer in good faith such as to attempt to resolve any pending discovery disputes between themselves and without the need for court intervention. If after meeting and conferring in good faith, the Parties still find themselves at an impasse regarding one or more issues, the Parties shall present their disputes in a jointly-filed letter brief that complies with the relevant length and formatting provisions of the undersigned's General Standing Order.[1] Furthermore, the court will remind Defendant that while his *pro se* status entitles his pleadings to be construed liberally – that is, such that the court will glean the strongest possible arguments suggested by the pleadings and papers – this does not give Defendant carte blanche to simply ignore and overlook the Federal Rules of Civil Procedure or the Local Rules of this court. Defendant is therefore directed to review and consult the Federal Rules of Civil Procedure[2] and the Local Civil Rules[3] of this Court – in addition to the General Standing Order of the undersigned, such as to avoid missteps of this sort going forward.

**IT IS SO ORDERED.**

Dated: January 3, 2022

ROBERT M. ILLMAN
United States Magistrate Judge

---

[1] *See* https://www.cand.uscourts.gov/judges/illman-robert-m-rmi/

[2] *See* https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure

[3] *See* https://www.cand.uscourts.gov/rules/civil-local-rules/