UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA ELECTRICAL WORKERS PENSION TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THREE BROTHERS ELECTRICAL CONTRACTORS, et al.,<br><br>Defendants. | Case No. 19-cv-06650-JSW<br><br>**ORDER GRANTING, IN PART, MOTION FOR CONTEMPT OR FOR JUDGMENT**<br><br>Re: Dkt. No. 66 |

This matter came before the Court for consideration on the Plaintiffs' motion for an order to hold Defendants in civil contempt, to enter judgment, or to do both. Because Defendants did not respond to Plaintiffs' motion, the Court ordered Defendants to show cause why the Court should not grant Plaintiffs' alternative motion to enter judgment as a sanction for their failure to comply with its Order granting Plaintiffs' motion for summary judgment and the requirements set forth in that Order. (*See* Dkt. No. 63.) Defendants failed to file a written response to that Order to Show Cause but they did appear at the telephonic hearing held on October 21, 2022. The Court has considered Plaintiffs' papers, relevant legal authority, and the parties' arguments, and for the reasons that follow, it GRANTS, IN PART, Plaintiffs' motion.

**BACKGROUND**

On April 15, 2022, the Court granted Plaintiffs' motion for summary judgment. (Dkt. No. 63.) The Court will not repeat the facts set forth in that Order, except as necessary to this motion. In connection with that motion, Defendants argued that they were not required to make contributions to the Trust Fund Plaintiffs because their current employees were not members of the Electrical Industry Service Bureau, Inc. and the International Brotherhood of Electrical

Workers, Local 6 ("Local 6") and the San Francisco Electrical Contractors Association, Inc. ("the Association"). Defendants argued Three Brothers had withdrawn from both Local 6 and the Association.

The Court rejected that argument, and ordered Defendants to comply with Plaintiffs' audit demands, including but not limited to producing all records and documents demanded by Plaintiff Trust Funds. It also ordered Defendants to pay any unpaid contributions determined to be owed by Defendants to the Trust Funds pursuant to the audit conducted by the Trust Funds' auditors. (Order Granting Motion for Summary Judgment at 4:26-7:5.)

On or about April 19, 2022, James Capers, Senior Manager of Miller Kaplan, the company Plaintiffs hired to conduct audits, requested documents from Defendants for the period of January 1, 2016 through December 31, 2020. (Dkt. No. 66-2, Declaration of James Capers ("Capers Decl."), ¶¶ 2-3.) Mr. Capers attests that Defendants did not produce payroll records but that Miller Kaplan "received certified payroll reports from third parties with knowledge of projects" that ran through a shortened audit period of January 1, 2019 through August 22, 2020. (*Id.*, ¶ 4.)

On June 27, 2022, Plaintiffs sent Defendants a request for eight categories of documents. (Dkt. No. 66-1, Declaration of Xudong (Brian) Fan ("Fan Decl.") ¶ 4, Ex. B.) Defendants did not produce the documents requested by Plaintiffs' deadline. (*Id.*) On July 5, 2022, Plaintiffs sent another letter to Defendants that requested the same eight categories of documents and demanded that Defendants produce them by July 15, 2022. (*Id.* ¶ 5, Ex. C.) That evening, Defendants, through Jones, sent an email asking that correspondence be sent to a new address but did not include any of the documents Plaintiffs' requested. (*Id.*, Ex. D.) Plaintiffs resent the letter to the new address, and on July 19, 2022, Defendants' bookkeeper, sent an email to Plaintiffs stating that Defendants were processing the information requested and that she would call when they could be picked up at Defendants' office. (*Id.* ¶ 6, Ex. E.) On July 20, 2022, Jones emailed Plaintiffs and stated Defendants did not have all of the documents that Plaintiffs requested but that Plaintiffs could review documents at his office. Counsel for Plaintiffs attests that he asked Defendants to identify the particular documents they did nor did not have in their possession, but Defendants did

not respond. (*Id.*, ¶¶ 7-8, Ex. F.)[1]

On or about August 8, 2022, Miller Kaplan provided Plaintiffs with a report setting forth unpaid contributions due from Defendants. To prepare that report, Mr. Capers attests Miller Kaplan reviewed contribution reports from January to August 2016, certified payroll records for 2019 and 2020 for the Bayview and Tenderloin Police Station projects, excluding week-endings May 30, 2020 to August 8, 2020 and August 29, 2020 to December 31, 2020. The documents were obtained from third parties. He also attests he reviewed payroll reports to look for bargaining unit employees that were not reported to Plaintiffs and attests Defendants "did not report any employees to the Trust Funds for the period January 1, 2019 through August 22, 2020." Mr. Capers also attests that based on the review of those documents "and all inferences made in favor of" the Plaintiffs, Miller Kaplan's report shows that Defendants owe $205,652.52 in unpaid contributions for the period of January 1, 2019 to August 22, 2020. (Capers Decl., ¶¶ 4-8, Ex. A ("Report").)[2]

## ANALYSIS

Plaintiffs ask that if the Court concludes contempt proceedings would "be inappropriate or ineffective" that it impose default judgment pursuant to Federal Rule of Civil Procedure 37. Under Rule 37(b)(2)(A)(iv), the Court may impose default judgment as a sanction for the failure to comply with a court order.

> Because the sanction of dismissal [or default judgment] is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. … The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions.

---

[1] The email attached only includes the email from Jones. (Fan Decl., Ex. F.)

[2] The employees listed on the Report correspond to employees listed on Exhibits Defendants submitted in opposition to Plaintiffs' motion for summary judgment. (*See, e.g.,* Dkt. No. 54-1 Declaration of Alex Jones, ¶12; Dkt. No. 54-7, Jones Decl., Ex. G.)

3

*Henry v. Gill*, 983 F.3d 943, 948 (9th Cir. 1993) (internal citations and quotations omitted).

At the hearing, Defendants, through Jones, represented that they have produced all of the documents they have and acknowledged they did not respond to Plaintiffs' request to specifically identify what documents they had at their office. In sum, Jones stated, there were no documents to list because he has sent everything to Plaintiffs. "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry,* 983 F.3d at 948 (internal quotations and citations omitted). Defendants have not shown anything outside their control has prevented them from providing Plaintiffs with the information needed to complete the audit and to assess the amount of contributions that are due. The Court concludes the first and third factors weigh in favor of imposing judgment.

The fourth factor would normally weigh against entering judgment, but the Court has found Defendants liable for unpaid contributions. Thus, the policy favoring dispositions on their merits has been served; all that remained after the Court entered summary judgment was the need determine the amount of contributions Plaintiffs are owed.

Because Plaintiffs have not been able to obtain all of the information they claim they need to assess what contributions are due, the Court concludes the prejudice factor weighs in their favor. This case also has been pending for three years, and the Court concludes that further delays in attempting to obtain Defendants' compliance would also prejudice them. The Court has considered whether it would be appropriate to impose a lesser sanction in an effort to obtain Defendants' compliance with the Order on summary judgment. However, based on the argument at the hearing it concludes that such efforts would be futile. In addition, Defendants had two opportunities to respond to the amounts Plaintiffs were seeking and were provided the Report but failed to respond in writing to Plaintiffs' motion or to the Order to Show Cause.

Accordingly, the Court concludes it is appropriate to enter judgment against Defendants, jointly and severally, in the amount of $205,652.52.[3]

---

[3] Plaintiffs did not move for summary adjudication on the amount of damages, but in light of the Court's ruling on the merits and Defendants' failure to challenge the Report, the Court would also find they have met their burden under Rule 56 on that issue.

Plaintiffs also ask for attorneys' fees. Under the terms of the various agreements that govern this case, if an employer fails to make contributions to the Trust Fund Plaintiffs, it will be liable for unpaid contributions, liquidated damages on the unpaid principal, interest, and attorneys' fees. In light of those provisions, the Court DENIES Plaintiffs request for fees without prejudice.

If Plaintiffs intend to move for liquidated damages, interest, or attorneys' fees, they shall file a motion setting forth the amounts due by no later than November 4, 2022. Defendants may respond by November 18, 2022, and Plaintiffs may reply by December 2, 2022. The Court will resolve any such motion on the papers, and the Court will defer entering final judgment until such a motion has been resolved.

**IT IS SO ORDERED.**

Dated: October 21, 2022

_____
JEFFREY S. WHITE
United States District Judge